■ BRUCE KOST et al., Respondents-Appellants, v SCHIEFEN CONSTRUCTION, INC., Appellant-Respondent, and RONALD SCHIEFEN et al., Respondents.—Order unanimously modified on the law and as modified affirmed without costs, in accordance with the following memorandum: Plaintiffs are the owners of property in Pittsford, New York. Defendant Kate Schiefen is president, and defendant Ronald Schiefen is vice-

president, of defendant Schiefen Construction, Inc. Plaintiffs allege that they entered into an oral agreement with defendants for extensive renovation work on their property. As the project progressed, the parties met frequently to agree on the work to be done and the amounts billed or to be billed for that work. On July 17, 1987 plaintiffs ordered defendants to cease working on the project.

The complaint alleges causes of action against the three defendants for breach of contract, negligence and fraud. The corporate defendant interposed a counterclaim for judgment in the sum of $51,213.41, the amount alleged to be the unpaid balance for work, labor and services performed at plaintiffs' premises. The noncorporate defendants moved for summary judgment dismissing all causes of action against them, and plaintiffs cross-moved for summary judgment limiting the corporate defendant's counterclaim to $5,180, the amount shown on invoices dated September 21, 1987.

Supreme Court dismissed the breach of contract cause of action against the noncorporate defendants, and limited recovery on the corporate defendant's counterclaim to $7,179.80, an amount shown on a document dated July 17, 1987. In each instance, the court erred. Defendants' motion for summary judgment dismissing plaintiffs' breach of contract cause of action must be denied and plaintiffs' motion to limit the corporate defendant's counterclaim must also be denied.

Although defendants contend that only the corporate defendant contracted with plaintiffs for the renovation work, plaintiffs aver that they contracted with all three defendants and that the noncorporate defendants "personally guaranteed the work to be performed". Thus, a question of fact is raised requiring a trial. Concerning the counterclaim, the corporate defendant avers that the amount sought represents the reasonable value of its work, labor and services, and that the document relied upon by the court to limit the counterclaim was prepared by defendant solely for the purpose of negotiating a settlement. Thus, the corporate defendant has also raised an issue of fact requiring a trial.

Finally, Supreme Court dismissed the fraud cause of action against all three defendants even though the corporate defendant had not sought such relief. Plaintiffs, however, neither brief nor argue any issue concerning that part of the order appealed from, and thus it is not disturbed. (Appeals from order of Supreme Court, Monroe County, Wesley, J.—summary judgment.) Present—Dillon, P. J., Callahan, Boomer, Lawton and Davis, JJ.